FABRICANT *v.* FABRICANT.

DIVORCE—DIVISION OF PROPERTY—ALIMONY.

On appeal by the wife from a decree of divorce respecting division of the property, which consists of a $4,000-equity in a four-family apartment and a $500-equity in a vacant lot, the wife is awarded the apartment house and household furniture, so that she may have a home for herself and three children, she to pay the remainder of the purchase price, and receive no other alimony, and the husband is awarded the vacant lot, his cobbler's business, tools, and equipment, he to pay the remainder of the purchase price of the lot, and each side to pay its own costs and attorneys' fees.[1]

[1] Divorce, 19 C. J. § 776.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 23, 1925. (Docket No. 84.) Decided December 22, 1925. Rehearing denied April 6, 1926.

Bill by Harry Fabricant, now called Rotman, against Celia Fabricant, now called Rotman, for a divorce. Defendant filed a cross-bill for a divorce. From a decree for defendant respecting alimony, she appeals. Modified and affirmed.

*Joseph L. Ruby, Patrick H. O'Brien,* and *Gerald K. O'Brien,* for plaintiff.

*Shapero & Shapero,* for defendant.

CLARK, J. Defendant, appealing, complains, not of divorce granted on her cross-bill, but of the decreed division of the property. In the evidence supporting the charges and counter-charges, we find no equities affecting the question before us. The children, 19, 17, and 14 years old, are with the mother. Plaintiff, a soldier of Russia in its war with Japan, was wounded, resulting, years later, in the loss of a leg. He has a cobbler's shop in Detroit where he has earned about $35 per week. Defendant received and saved his earnings. She worked and earned some money, but their properties were acquired largely from funds supplied by him. They have an equity of $4,000 in a four-family dwelling on Division street in Detroit on which the deferred installments on the contract purchase price aggregate about $9,000, and an equity of $500 in a lot in Royal Oak on which the aggregate of such deferred installments is about $1,000. It may be inferred that he has cobbler's tools and equipment and that they have household goods and furniture. They have lived in one of the flats, renting the other three. The lot is not productive.

In granting divorce, the trial court gave defendant the choice of the three following, quoting from brief:

"(*a*) That the Division street property and the lot be given to the defendant and that defendant pay fifteen hundred ($1,500.00) dollars within ninety (90) days, four hundred ($400.00) dollars being the attorney fees of the plaintiff, one hundred ($100.00) dollars for receiver fees and one thousand ($1,000.00) dollars to the plaintiff.

"(*b*) That all the property be turned over to the plaintiff, that the plaintiff pay four hundred ($400.00) dollars to his attorneys, one hundred ($100.00) dollars to the receiver and thirty-five hundred ($3,500.00) dollars to defendant and appellant. \* \* \*

"(*c*) That defendant be given the flat on Division street and that plaintiff be given the lot in Royal Oak and that defendant pay plaintiff eleven hundred seventy-five ($1,175.00) dollars, four hundred ($400.00) dollars to apply on his attorney's fees and one hundred ($100.00) dollars to the receiver."

Ordinarily the decree, on such facts, could be sustained, but a point is made by defendant which, equitably, requires modification. She urges, we think with good reason, the difficulty and burden of procuring funds on such security to pay plaintiff that she might retain the property under either (*a*) or (*c*), and she wants to keep the flats, and should be permitted to do so, that she may have a home for herself and children, and that she may receive the rents and thus pay the deferred installments of the purchase price. Alimony against plaintiff is waived.

Defendant is here given the Division street property, and, as between the parties, will assume the payment of the remainder of the purchase price. She will also have the household goods and furniture. Plaintiff is awarded the Royal Oak lot, he, as between the parties, to pay remainder of the purchase price, and his cobbler's business, tools and equipment. Order or orders for alimony or expense money are canceled. The receiver's bill of $100 will be paid by the party at whose instance he was appointed, if by consent

then by both parties equally, with lien to secure payment.    Each side is to pay its own costs and attorneys' fees.

So modified, the decree is affirmed.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.